UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR MANAGEMENT COOPERATION
FUND, by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES,

JUDGE BATTS

07 CV 6840

07 CV _____

**COMPLAINT**



Plaintiffs,

-against-

CAYUGA MILLWORK, INC.,

Defendant.
------------------------------------------------------------------X

Plaintiffs, (hereinafter also referred to as "Benefit Funds"), by their attorneys O'Dwyer & Bernstien, LLP, for their Complaint allege as follows:

**NATURE OF THE CASE**

1. This is an action to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement ("Agreement") between The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and Cayuga Millwork, Inc. ("Employer").

**JURISDICTION**

2. This Court has subject matter jurisdiction over this proceeding pursuant to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections

502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3. Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## VENUE

4. Venue is proper in this district in that Plaintiffs' offices are located in this district.

## PARTIES

5. At all times relevant herein the Plaintiffs were jointly administered, multi-employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6. The Benefit Funds are employee benefit plans within the meaning of sections 3(1) and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing health, medical and related welfare benefits, pension and other benefits to eligible participants and beneficiaries on whose behalf they receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the Union.

7. Upon information and belief defendant Cayuga Millwork, Inc. is a domestic corporation incorporated under laws of the State of New York with a principal place of business located at 465 North Road Extension, Freeville, NY 13068.

8. The defendant is an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

9. Defendant, Cayuga Millwork, Inc., was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective 1997. Said Agreement provides, inter alia, that the defendant shall make monetary contributions to the Benefit Funds on the behalf of covered employees, and for the submission of disputes to final, binding arbitration.

10. A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with obligations under the Agreement to make contributions for employees in the bargaining unit.

11. Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator.

12. Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated June 23, 2007 determining said dispute. Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

13. The arbitrator found that Cayuga Millwork, Inc. had failed to make contributions due to the Benefit Funds for the period May 4, 2005 through June 2, 2006, in the principal amount of $42,210.38.

14. The arbitrator also found that Cayuga Millwork, Inc. was required to pay interest on the principal amount due at the rate of 10% per annum from the date of the award.

15. The defendant, Cayuga Millwork, Inc. has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1. For an order confirming the arbitration award in all respects;

2. For entry of judgment in favor of the Plaintiffs and against Cayuga Millwork, Inc. in the principal amount of $42,210.38, plus 10% interest per year from the date of the award to the date of entry of judgment;

3. For attorneys' fees and costs of this action;

4. For such other and further relief as this court may deem just and proper.

Dated: New York, New York
July 30, 2007

ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

# EXHIBIT A

ORIGINAL

## OFFICE OF THE IMPARTIAL ARBITRATOR

------------------------------------------X
In The Matter Of The Arbitration

    between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,
New York City District Council of Carpenters
Annuity Fund, New York City District Council
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and New York City
and Vicinity Joint Labor Management Cooperation
Trust Fund, by Michael J. Forde and Paul
O'Brien, as Trustees

                      (Funds)

    -and-

Cayuga Millwork Inc.
                      (Employer)
------------------------------------------X

                          OPINION

                          AND

                          DEFAULT AWARD

BEFORE:  Robert Herzog, Esq.

       Cayuga Millwork Inc. (hereinafter referred to as the "Employer") and the United Brotherhood of Carpenters and Joiners of America, are parties to Collective Bargaining Agreements, dated 1997 and thereafter, that are hereinafter referred to as the "National Agreements." National Agreements Articles I and II, provide:

> **The Company agrees to ... comply with the contractual wages, fringe benefits, hours and other working conditions established between the UBCIA affiliates and the employers or recognized agencies in the localities in which the Company does any work within the jurisdiction of the UBCIA.**

1

> **Payment of annuity, pension and/or health and welfare contributions for an employee's work in each locality shall be made to such funds and in such amounts as are identified in the applicable collective bargaining agreement for that locality ....**

The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America is such an affiliate in the New York City and Vicinity area. The Independent Building Construction Agreement, hereinafter referred to as the "Independent Agreement," is the applicable collective bargaining agreement the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America has entered into with employers in the New York City and Vicinity area doing any work within the jurisdiction of the UBCJA. The Independent Agreement sets forth the contractual wages, fringe benefits, hours and other working conditions established between the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America and such employers.

The Independent Agreement provides for arbitration of disputes before the undersigned Arbitrator as Impartial Arbitrator, and for the Employer to pay contributions toward employee benefit funds (hereinafter collectively referred to as the "Funds"). Independent Agreement Articles XV and XVIII, in part, read as follows:

> **ARTICLE XV**
> **Fringe Benefit Funds**
> **Section 1.** Every Employer covered by this Agreement shall make contributions for each hour worked of all employees covered by this Agreement and employed by said Employer within the territory of this Agreement in the amounts hereinafter specified to the Welfare Fund, Pension Fund, Vacation Fund, Annuity Fund, New York City and Vicinity Labor Management Cooperation Fund, United Brotherhood of Carpenters and Joiners of America Fund, Apprenticeship Journeymen Retraining, Educational and Industry Fund and Supplemental Funds.

2

> Section 7. Should any dispute or disagreement arise between the parties hereto, or between the Union and any Employer-member signatory hereto, concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder by filing a notice of intent to arbitrate in writing with said impartial arbitrator, and serving a copy of said notice on the Employer, or the Union, as the case may be. ...
>
> ... Robert Herzog is hereby designated as impartial arbitrator(s) hereunder.
>
> ARTICLE XVIII
> Promotional Fund
>    The Employer agrees to be bound and to make contributions to the Promotional Fund which is attached to this Collective Bargaining Agreement.

The Funds, as beneficiary of the Independent Agreement, have standing before the Arbitrator. In accordance therewith, the Funds, by a May 29, 2007 Notice of Intention to Arbitrate, demanded arbitration. The Funds alleged the Employer failed to make sufficient benefit contributions to the Funds for the period of May , 2005 through June 2, 2006 as required by the Independent Agreement.

Independent Agreement Article XII, Section 2, in part, reads:

> ... Service of any documents or notice referred to above, or service of any notice required by law in connection with arbitration proceedings may be made by registered or certified mail. A post office receipt shall be conclusive evidence of proper service if mailed to the address designated by the Employer when it signed the agreement. If certified or registered mail is refused or not picked up, ordinary mail shall be deemed sufficient service provided that it is forwarded to the address of record contained in this agreement.

A Notice of Hearing was sent to the Employer by regular and certified mail. The regular mail copy of the Notice of Hearing was not returned to sender and deemed delivered to the Employer. The certified mail copy of the Notice of Hearing was not returned as undeliverable, but was returned marked "unclaimed." United States Postal Service records indicate that notice of certified mail was

3

left with the Employer on June 4, 2007 at 10:03 am. The Employer failed to heed the notice and the postal service declared the envelope to be unclaimed and so marked the envelope on June 19, 2007. The Employer is deemed to have received the Notice of Hearing based on the delivery of the regular mail copy and the Employer's voluntary act of not claiming the certified mail copy.

Concerning an adjournment of any arbitration hearing for which notice has been sent, Independent Agreement Article XV, Section 7, and Article XII, Section 2, in part, state:

> **Unless a waiver is mutually agreed to in writing by the parties hereto, a hearing shall be convened ....**
>
> **The arbitrator shall have the right to conduct an ex parte hearing in the event of the failure of either party to be present at the time and place designated for the arbitration, and shall have the power to render a decision based on the testimony before him at such hearing. The decision of the arbitrator shall be final and binding upon both parties ....**

On June 21, 2007, at the place and time designated by the aforesaid Notice of Hearing, Steven Kasarda, Esq. appeared on behalf of the Funds. Despite the Employer having been sent notice of the proceeding and the claim against it, no appearance on its behalf was made. Also, no written, mutually agreed upon waiver by the parties to adjourn the proceeding, as required by the Independent Agreement, was presented. The arbitration proceeded as a Default Hearing. Full opportunity was afforded the party present to be heard, to offer evidence, and to examine witnesses. The Funds thereupon presented their proofs to the Arbitrator.

The uncontroverted testimony and evidence established that:

- During the May 4, 2005 to June 2, 2006 period, the Employer was bound to National Agreements that incorporate by reference the July 1, 2001 Independent Agreement with the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.

- Independent Agreement Article XV, Section 1, obligates the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreement. The Section further authorizes the Funds to conduct an audit of the Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds :

> ... Each signatory Employer shall make available to the Trustees of the various Fringe Benefit Trust Funds, or their designated auditing representative, all pertinent books and records, including all cash disbursement records, required for an audit, to enable a said auditor to ascertain and to verify, independently, that the proper contributions hereunder have been paid and such records will be produced whenever deemed necessary by the Trustees in connection with the proper administration of their fiduciary responsibilities. In order to accomplish this end, it is specifically agreed that should any affiliate or subsidiary Contractor, as described in Article XVII Section 19 of this Agreement be involved with the business activities of this Employer that this Employer will make available all the pertinent books and payroll records of such affiliate or subsidiary to the auditor so that a complete audit can be conducted. The extent of the audit, and the determination as to what pertinent records are necessary to complete the audit, is in the sole discretion of the Employer/Union Trustees, so that they may independently verify that all required contributions have been made and discover the identity of all beneficiaries under the plans for which they have been entrusted, for their proper administration.
> ... It shall be a violation of this Agreement for any Employer, General Contractor, Prime Contractor, Owner-Builder or Subcontractor, bound to this Agreement, to fail to furnish proper records when requested, for the purpose of completing an audit.

5

- In accordance with this auditing provision, an accountant, employed by the Funds, and with the consent of the Employer, performed audits of the Employer's books and records.

The audit of the Employer's books and records uncovered delinquencies in the amount of contributions due the Funds during the period of May 4, 2005 through June 2, 2006. A copy of the Audit Summary Report had been forwarded to the Employer. Thereafter, the Funds demanded payment by the Employer. When the Employer failed to comply with the payment demand, the Notice of Intent to Arbitrate issued.

The accounting method employed during the course of the audit and the computation of the amount of each alleged delinquency were identified. The total amount of the delinquency for the May 4, 2005 through June 2, 2006 period was twenty-eight thousand three hundred seventy-nine dollars and seventy-one cents ($28,379.71). The Funds requested an award for contributions owed, interest, liquidated damages, the promotional fund assessment, audit and counsel fees, arbitration and court costs as provided for by Independent Agreement XV, Section 6(b):

> **In the event that proceedings are instituted before an arbitrator under Section 7 of this Article to collect delinquent contributions to Benefit Fund or Funds, and if such arbitrator renders an award in favor of such Fund(s), the arbitrator shall be empowered to award such interest, liquidated damages, and/or costs as may be applicable under the Agreement and Declaration of Trust establishing such Fund(s).**

**AWARD**

Based upon the substantial and credible evidence of the case as a whole:

1. CAYUGA MILLWORK INC. is delinquent in its Fringe Benefit payments due and owing to the Funds under the terms of the National Agreements and incorporated by reference Independent Agreement;

2. CAYUGA MILLWORK INC. shall pay to the Funds forthwith the said delinquency amount, interest on said delinquency amount, late payment interest, liquidated damages, the promotional fund assessment, the Funds' audit and counsel's fees, the undersigned Arbitrator's fee, and all associated court costs in the following amounts:

    | | |
    |---|---:|
    | Principal Due | $ 28,379.71 |
    | Interest Due | 5,217.81 |
    | Late Payment Interest | 2.88 |
    | Liquidated Damages | 5,685.70 |
    | Promotional Fund | 74.28 |
    | Court Costs | 350.00 |
    | Audit Costs | 500.00 |
    | Attorney's Fee | 1,500.00 |
    | Arbitrator's Fee | 500.00 |
    | TOTAL | $ 42,210.38 |

3. CAYUGA MILLWORK INC. shall pay to the District Council Carpenters Benefit Funds the aggregate amount of forty-two thousand two hundred ten dollars and thirty-eight cents

7

($42,210.38) with interest to accrue at the rate of 10% from the date of this Award.

Dated: June 23, 2007

_____
Robert Herzog
Arbitrator

State of New York )
County of Rockland )

I, Robert Herzog, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

Dated: June 23, 2007

_____
Robert Herzog
Arbitrator

To: CAYUGA MILLWORK INC.
    Attn: Jack Roscoe, President
    465 North Road
    Freeville, New York 13068

Steven Kasarda, Esq.
New York City District Council Carpenters Benefit Funds
395 Hudson Street
New York, New York 10014

8